# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1291EM

_____

Lee Morgan; Norman Adkins; James    *
Bersen; Richard Sisak; Carl Knott;    *
Thomas Hansen; Gary Foley; Charles    *
Beel; Ellis Sandow; Herbert Bastian;    *
Vicki Anderson; Rick Shirley;    *
Benjamin Bull; Petra Beel, and others    *
similarly affected as a class,    *
   *
       Appellants,    *   On Appeal from the
   *   United States District Court
     v.    *   for the Eastern District
   *   of Missouri.
   *
City of Florissant, a municipal    *
corporation under the laws of the State    *
of Missouri; James Eagan, individually    *
and as Mayor of the City of    *
Florissant, Missouri,    *
   *
       Appellees.    *

_____

Submitted: June 11, 1998

Filed: June 29, 1998

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
     Judges, and PANNER,[1] District Judge.

_____

    [1]The Hon. Owen M. Panner, United States District Judge for the District of
Oregon, sitting by designation.

_____

RICHARD S. ARNOLD, Circuit Judge.

"Area West," an unincorporated area of St. Louis County, Missouri, was annexed into the City of Florissant, Missouri, following an election. Area West residents and voters who opposed the annexation brought suit against the City of Florissant and its Mayor, seeking a declaration that Mo. Ann. Stat. § 72.407.1(2) (West 1998), a state law providing for annexation elections, is unconstitutional. The District Court dismissed the claim. We affirm.

I.

The City of Florissant is a municipal corporation located in St. Louis County, Missouri. In April, 1996, the City submitted a proposal to the Boundary Commission of St. Louis County for annexation of an unincorporated portion of the county referred to as Area West, along with two other unincorporated areas. The Boundary Commission approved the annexation proposal, and pursuant to Mo. Ann. Stat. § 72.407.1(2), ordered an election putting the question of the proposed annexation to the voters of the City, Area West, and the two other unincorporated areas. Mo. Ann. Stat. § 72.407.1(2) provides in pertinent part:

> [I]f the [boundary] commission approves a proposed boundary change containing one or more municipalities and at least one unincorporated area which is classified as an unincorporated pocket, such proposal shall be adopted if a separate majority of the votes cast on the question in each municipality and a majority of votes cast in the whole municipality which would result from the boundary change are in favor of the boundary change . . .. As used in this subdivision, the term "unincorporated pocket" means an unincorporated territory with an average residential density in excess of one dwelling per three acres, and which has a population of less than five thousand and which is accessible by public or

private roadway only from incorporated jurisdictions and/or another county.

Area West and one of the other unincorporated areas were classified as unincorporated pockets. An election was held in April, 1997, and the annexation was approved by a majority of the voters in the city, defeated by a majority of voters in Area West and the other two unincorporated areas, but approved by a majority of the voters in the entire municipality which would result from the proposed boundary change. Thus, annexation of the two unincorporated pockets was approved pursuant to the statute, while annexation of the unincorporated area that was not a pocket was defeated.

Registered voters residing in Area West brought suit under 42 U.S.C. §1983 in the District Court,[2] contending that Mo. Ann. Stat. § 72.407.1(2) violates their Fourteenth Amendment equal protection rights because the voting procedure permitting annexation, even if a majority in an unincorporated area opposes it, impermissibly dilutes and diminishes the effect of their votes. The City moved to dismiss the complaint, and the plaintiffs moved for summary judgment. The District Court granted the City's motion to dismiss, determining that the statute is constitutionally sound because it is rationally related to a legitimate governmental interest.

II.

The plaintiff residents contend that the District Court erred in applying a rational-basis standard of review in determining the constitutionality of the statute, and assert that it should have been examined under a strict-scrutiny standard. In advancing this argument, the plaintiffs rely on voting cases involving the diminution of representative government through impermissible legislative apportionment schemes or a complete

---

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

denial of the vote through imposition of improper voting criteria. See, e.g., <u>Wesberry v. Sanders</u>, 376 U.S. 1 (1964) (glaring discrepancies in apportionment of congressional districts discriminated against voters in violation of the constitutional requirement that Representatives be chosen by people of the several states); <u>Kramer v. Union Free Sch. Dist. No. 15</u>, 395 U.S. 621 (1969) (granting franchise in school district election only to property owners or lessors and parents of school children fails strict scrutiny).

In contrast to the cases relied on by the plaintiffs, the law governing the annexation at issue is correctly reviewed for a rational relationship to a legitimate governmental interest. There is a noteworthy difference in voting jurisprudence between election laws providing for the drawing and redrawing of state political subdivisions, and laws involving the choice of legislative representatives or imposing restrictions on voters based on characteristics such as wealth or race. The former subset of cases warrants review for a rational basis, while the latter affects more significant rights and constitutional concerns, meriting strict-scrutiny review. See <u>Hunter v. City of Pittsburgh</u>, 207 U.S. 161 (1907) (states have great latitude in structuring political subdivisions); <u>St. Louis County, Mo. v. City of Town and Country</u>, 590 F. Supp. 731 (E.D. Mo. 1984) (challenge to voting scheme governing annexation election subject to rational-basis review); <u>Murphy v. Kansas City, Mo.</u>, 347 F. Supp. 837 (W.D. Mo. 1972) (legislative classifications of areas in annexation process upheld on rational-basis review, including a provision altogether denying residents of the annexed territory the right to vote). We agree with the District Court that plaintiff residents have failed to allege that Mo. Ann. Stat. § 72.407.1(2) implicates the type of concern worthy of strict-scrutiny review, or that the law is not rationally related to a legitimate governmental interest. "Pockets," as defined in the statute, present distinct practical problems of governance, and it is not irrational for the Legislature to recognize them.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.